IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01899-PSF-CBS

GEORGE C. MURPHY,
    Applicant,
v.

LOU ARCHULETA, Warden, and
JOHN SUTHERS, Colorado Attorney General,
    Respondents.
_____

ORDER
_____

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on: (1) Murphy's "Motion for Appointment of Counsel . . ." (filed November 8, 2006) (doc. # 12); and (2) Murphy's "Notice" (filed November 8, 2006 ) (doc. # 15) (docketed by the Clerk of the Court as "Motion to Add Parties").  Murphy filed his Application for a Writ Of Habeas Corpus Pursuant to 28 U.S.C. § 2241 by a Person in State Custody ("Petition") on or about September 13, 2006.  Pursuant to the Order of Reference dated October 11, 2006 (doc. # 8) and the memoranda dated November 8, 2006 (doc. # 16) and November 9, 2006 (doc. # 17), these matters were referred to the Magistrate Judge.  The court has reviewed the matters, the entire case file, and the applicable law and is sufficiently advised in the premises.

1.    Murphy's "Motion for Appointment of Counsel . . ."

"[T]here is no constitutional right to representation by counsel in a habeas corpus proceeding." *Green v. Abrams*, 984 F.2d 41, 47 (2d Cir. 1993) (internal quotation marks and citation omitted).  The Criminal Justice Act provides that "[w]henever the United States magistrate or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28." 18 U.S.C. § 3006A(a)(2).  Thus, the court has the discretion to appoint counsel in a habeas proceeding.

"The decision of whether to appoint counsel includes factors such as ⟨the likelihood of success on the merits, the complexity of the legal issues raised by the complaint and the ability of the indigent (here, petitioner) to investigate and present the case.' " *Vaughan v. United States*, 647 F. Supp. 826, 827 (S.D.N.Y. 1986) (quoting *Shaird v Scully*, 610 F. Supp. 442, 444 (S.D.N.Y. 1985) (citations omitted)).  These factors are similar to the standards utilized for appointment of pro bono counsel in other civil cases.  *See generally Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004).

The court has given careful consideration to Murphy's request for appointed counsel and to all of the appropriate factors.  First, the court has no funds available to pay an attorney who agrees to represent an indigent litigant in a civil case.  Second, as a *pro se* litigant, Murphy is afforded a liberal construction of his papers.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Murphy has thus far adequately presented his position unaided by counsel.  Contrary to Murphy's characterization, this civil action

does not present "matters of first impression" and is not "very complex."  Even assuming without deciding that the Petition has merit, the court is within its discretion in determining that the interests of justice in this case do not require appointment of counsel for Murphy.

2.	Murphy's "Notice" (docketed by the Clerk of the Court as "Motion to Add Parties")

In his "Notice," Murphy indicates that he wishes to add two parties as Respondents in this action: Patrick Vance, Deputy State Public Defender and Cynthia M. Mardian.

"The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].' " *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242).  "The consistent use of the definite article in reference to the custodian indicates that there is generally only one proper respondent to a given prisoner's habeas petition."  *Rumsfeld v. Padilla*, 542 U.S. at 434.  "[T]he proper respondent is the warden of the facility where the prisoner is being held. . . ."  *Rumsfeld v. Padilla*, 542 U.S. at 435 (citations omitted).

The two parties Murphy wishes to add are not proper Respondents in this civil action for a writ of habeas corpus.

Accordingly, IT IS ORDERED that:

1.	Murphy's "Motion for Appointment of Counsel . . ." (filed November 8, 2006) (doc. # 12) is DENIED.

      2.      Murphy's "Notice" (filed November 8, 2006 ) (doc. # 15) (docketed by the Clerk of the Court as "Motion to Add Parties") is DENIED.[1]

Dated at Denver, Colorado, this 14th day of November, 2006.

BY THE COURT:

*s/Craig B. Shaffer*
United States Magistrate Judge

---

[1] *Cf. Pedro v. Armour Swift-Eckrich*, 118 F. Supp.2d 1155, 1157 (D. Kan. 2000) (suggesting that an order denying a motion to amend may be dispositive for purposes of Fed. R. Civ. P. 72 and 28 U.S.C. § 636(b)(1) if the order effectively removes a claim or defense from the action).