IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01899-MSK-KLM

GEORGE C. MURPHY,

　　Applicant,

v.

LOU ARCHULETA, and
JOHN SUTHERS,

　　Respondents.

_____

# RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

　　This matter is before the Court on Applicant's status report [Docket No. 47; January 26, 2009]. Applicant is proceeding *pro se*; hence, his pleadings must be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The District Judge assigned to the matter directed the Clerk to docket Applicant's status report as a Motion and referred the issues raised to this Court for resolution [Docket No. 48]. Although not entirely clear, it appears that Applicant seeks to raise a jurisdictional issue relating to his pending application for writ of habeas corpus. Specifically, Applicant appears to seek leave to add a new claim related to whether the trial judge and prosecutor in his underlying criminal case met their oath of office requirements (the "Oath of Office claim"). *Motion* [#47] at 1-2. Respondents were directed to respond to the Motion, and they did so on March 3, 2009 [Docket No. 55]. Applicant did not file a reply. Respondents argue that the Motion should be denied because amendment would be futile and because the new claims do not relate back to the initial Application. *Response*

[#55] at 2.

Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. L. Civ. R. 72.1C, the Motion has been referred to this Court for recommendation. The matter has been fully briefed and is ripe for resolution. The Court has considered the relevant pleadings, the applicable state court appellate record, the case law, and is sufficiently advised in the premises. For reasons set forth below, the Court recommends that the Motion be **DENIED**.

As a preliminary matter, Fed. R. Civ. P. 15 applies to Applicant's request to amend his Application. *Gillette v. Tansy*, 17 F.3d 308, 312 (10th Cir. 1994). While amendment should be liberally permitted pursuant to Rule 15, amendment should be denied when it would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

A threshold requirement of any habeas claim is that Applicant must first exhaust his state court avenues for relief. "The exhaustion doctrine seeks to afford the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). Here, while Applicant asserted the Oath of Office claim at the state appellate court level, his challenge was denied as successive because he failed to assert it in his earlier appeal or request for postconviction relief [Docket Nos. 50-3 & 50-6]. *Response* [#55] at 2. The successive nature of Applicant's claim did not afford the state appellate court the opportunity to review the Oath of Office claim on its merits. As such, the Oath of Office claim is not deemed exhausted for purposes of pursuing habeas relief. *See Coleman v. Thompson*, 501 U.S. 722, 729-32 (1991). Accordingly, allowing Applicant to amend his application to assert the Oath of Office claim would be futile.

Further, the Oath of Office claim is barred by the one-year statute of limitations

2

applicable to habeas petitions. 28 U.S.C. § 2244(d)(1). Applicant's conviction and sentence were final no later than June 2006 [Docket No. 2 at 5]. As such, all claims were required to be asserted at least no later than June 2007. Amendment to add claims is only appropriate if the amendment relates back to the initial Application. Fed. R. Civ. P. 15(c)(2). "Relation back" in a habeas context is construed "less broadly" than in other civil contexts. *Mayle v. Felix*, 545 U.S. 644, 657, 662 (2005) ("If claims asserted after the one-year period could be revived simply because they relate to the same trial, conviction, or sentence as a timely filed claim, the . . . limitation period would have slim significance."). When the new claims do not arise from a common core of operative facts as those that form the basis for the timely filed claims, amendment is not warranted. *Id.* It is not enough that the claims arise from the "same trial, conviction, or sentence" to constitute relation back. *Id.* at 660-64. Because the initial Application does not involve any challenge related to the legal sufficiency of the trial court's or prosecutor's oath of office, and because Applicant's proposed amendment involves alleged facts unrelated to allegations at issue in his initial claims, the Oath of Office claim does not relate back for purposes of amendment. *See id.* at 657 (noting that an amendment does not relate back "when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." (quoting *United States v. Hicks*, 283 F.3d 380, 388 (D.D.C. 2002))).

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*,

474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: March 24, 2009

              s/ Kristen L. Mix
              U.S. Magistrate Judge
              Kristen L. Mix