IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  06-cv-01899-MSK-KLM

GEORGE C. MURPHY,

    Applicant,

v.

LOU ARCHULETA, and
JOHN SUTHERS,

    Respondents.
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN  L. MIX**

    This matter is before the Court *sua sponte*.  As of October 2008, Applicant's state court record has been unavailable for federal habeas review due to a collateral appeal filed by Applicant to the Colorado Court of Appeals ("CCA") [Docket No. 50-2].  On February 5, 2009, Respondents informed the Court that although the collateral appeal had been denied by the CCA, Applicant had an additional opportunity to pursue his collateral appeal to the Colorado Supreme Court, and that completion of the appellate process could take as long as one year.  *Respondents' Status Report* [#50] at 2.  At that time, not knowing whether Applicant would pursue his collateral appeal further, the Court advised the parties that **"the state court record will not be available for <u>this</u> Court's review until such time as Applicant's state court proceedings end."**  *Order* [#52] at 1.  Despite this advisement, the Court has learned that on March 9, 2009, Applicant appealed the CCA's decision of his collateral appeal to the Colorado Supreme Court [Docket No. 57 at 5-11].  As such, as a result of Applicant's decision, I find that the state court record remains unavailable for

federal habeas review.[1]  Review of the state court record is an indispensable part of this Court's process in deciding Applicant's application for a writ of habeas corpus.  Thus, review of Applicant's application must necessarily wait until the state court record becomes available for transmission and is transmitted to this Court.  Accordingly,

IT IS HEREBY **RECOMMENDED** that Applicant's case be administratively closed pursuant to D.C. Colo. L. Civ. R. 41.2, until such time as the state court record is transmitted to this Court.  At that time, I recommend that the District Court find that good cause exists to reopen the case.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  April 28, 2009

---

[1] On April 23, 2009, the Court contacted the county clerk where Applicant's state court trial was held to determine whether the state court record remains unavailable.  The clerk confirmed that the state court record is lodged with the appellate court in light of Applicant's collateral appeal.

          <u>s/ Kristen L. Mix</u>
U.S. Magistrate Judge
Kristen L. Mix