IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-01899-MSK-KLM

GEORGE C. MURPHY,

       Petitioner,

v.

LOU ARCHULETA, and
JOHN SUTHERS,

       Respondents.

---

**OPINION AND ORDER OVERRULING OBJECTIONS,
ADOPTING RECOMMENDATIONS, AND ADMINISTRATIVELY CLOSING CASE**

---

       **THIS MATTER** comes before the Court pursuant to the Petitioner's Objections (**# 57**) to the March 24, 2009 Recommendation (**# 56**) of United States Magistrate Judge Kristen L. Mix that the Petitioner's Motion for Leave to Amend the Petition (**# 47**) be denied; and the Petitioner's Objections (**# 60**) to Magistrate Judge Mix's April 28, 2009 Recommendation (**# 58**) that this case be administratively closed until a pending collateral attack on his conviction by the Petitioner in state court is resolved and the certified record of the Petitioner's trial made available to this Court.

## FACTS

       According to the Petition (**# 2**), in 1999, the Petitioner was convicted of one count of Sexual Assault and one count of Sexual Assault on a Child. He was sentenced to a period of 16 years of incarceration. He appealed his conviction to the Colorado Court of Appeals on, among

1

other grounds, claims of insufficiency of the evidence and ineffective assistance of trial counsel. The Court of Appeals affirmed the conviction in 2001, and the Colorado Supreme Court denied certiorari review that same year.

In March 2002, the Petitioner commenced a collateral attack in the state courts pursuant to Co. R. Crim. P. 35. That attack again raised allegations of ineffective assistance of counsel and insufficiency of the evidence, among others. The state trial court denied the Petitioner's Rule 35 motion, the Colorado Court of Appeals affirmed that denial, and in 2006, the Colorado Supreme Court denied certiorari review of those rulings.

On or about September 25, 2006, the Petitioner timely commenced the instant action seeking a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254.[1] The Petition **(# 2)** alleges: (i) that the Petitioner received ineffective assistance of trial counsel, in that his counsel did not pursue available exculpatory evidence and a defense that the crime alleged was never committed; (ii) a somewhat unclear claim alleging a violation of the 5th Amendment to the United States Constitution's guarantee of Due Process of Law, reciting a variety of concerns but, ultimately, asserting what appears to be a claim of insufficiency of the evidence to support the convictions; and (iii) an assertion that the Petitioner's conviction violates his 14th Amendment right to Equal Protection, but which appears to simply restate his claims for ineffective assistance of counsel and insufficiency of the evidence.

On January 26, 2009, the Petitioner filed what the Court has construed as a motion seeking leave to amend **(# 47)** the Petition. Specifically, the Petitioner states that he "recently

---

[1]This action was initially assigned to the Hon. Phillip J. Figa. On January 8, 2008, as a result of Judge Figa's death, the matter was transferred to the undersigned for adjudication.

2

discovered that" both the judge presiding over his criminal trial and the Assistant District

Attorney prosecuting the case "failed to qualify for the offices they were pretending to hold," in

that they had failed to subscribe to the "lawfully required constitutional oath of office" prior to

the 1999 trial.  As a result, the Petitioner contends that these individuals were "impersonating

public servants" and that, in reality, "their officers were in fact vacant."  From this, the Petitioner

concludes that the trial court lacked any power to conduct a trial and/or sentence him and that his

conviction and sentence are therefore void.  Although the motion is not entirely clear, the Court

interprets it to be a request by the Petitioner to amend the Petition to challenge his continued

detention on Due Process grounds.

The Court referred the motion to Magistrate Judge Mix for a Recommendation and on

March 24, 2009, Magistrate Judge Mix recommended **(# 56)** that the motion for leave to amend

the Petition be denied.  Evaluating the motion under Fed. R. Civ. P. 15(a), Magistrate Judge Mix

found that: (i) the claim was unexhausted, as the state court denied it on procedural grounds – *i.e.*

as being a successive petition – without reaching the merits, and thus, granting leave to amend

the Petition to assert an unexhausted and procedurally defaulted claim would be futile; and (ii)

even if exhausted, the new claim would be untimely under 28 U.S.C. § 2244(d)(1), as the motion

to amend was filed more than one year after the Petitioner's conviction became final and the

factual basis of the new claim is sufficiently distinct from the claims initially asserted in the

Petition that relation back under Fed. R. Civ. P. 15(c)(2) would not be appropriate.

The Petitioner filed timely Objections **(# 57)** to the Recommendation.  The Objections:

(i) restate the Petitioner's assertion that his conviction and sentence are void; (ii) argues that

"there should be no time limitations imposed" upon the assertion of the claim because the

3

information concerning the oaths of office are "newly discovered evidence" under the standards of *People v. Gutierrez*, 622 P.2d 547 (Colo. 1981); (iii) contain a single conclusory sentence stating "Applicant has made every attempt to exhaust his administrative remedies at the state level"; and (iv) gives "notice of misprison of felony" to various judges, requesting that they supply him with a statement of their intent to report or prosecute the trial judge and Assistant District Attorney, or else be deemed "coconspirators."

Separately, a second issue giving rise to a Magistrate Judge Recommendation has arisen. As directed, the Respondents filed a substantive response **(# 11)** to the Petition, noting, among other things, that the trial record in this case was in the possession of the Clerk of the Colorado District Court for Adams County.  On March 17, 2008, while this action was pending, the Petitioner commenced a second Rule 35 proceeding in state court.  *See Docket* # 50. In April 2008, the trial court denied that motion as successive, and the Petitioner appealed.  On February 9, 2009, the Colorado Court of Appeals denied the Petitioner's appeal, and the Petitioner apparently sought certiorari review of that ruling by the Colorado Supreme Court, where the matter remains pending.  Thus, despite the Magistrate Judge ordering **(# 43)** the Clerk of the Adams County court to produce the original trial record, that record is apparently now in the possession of the Colorado Supreme Court incident to the Petitioner's pending request for certiorari.  *See Docket* # 45.  According to the Respondents' status report **(# 50)**, the Colorado Supreme Court's consideration of the petition for certiorari could take as long as a year.

On April 28, 2009, Magistrate Judge Mix issued the instant Recommendation **(# 58)**. Reciting the facts set forth above, Magistrate Judge Mix concluded that "[r]eview of the state court record is an indispensable part of this Court's process in deciding" the claims raised in the

Petition, and that "review of [the Petitioner's] application must necessarily wait until the state court record becomes available."   Accordingly, Magistrate Judge Mix recommended that the Court administratively close the case pursuant to D.C. Colo. L. Civ. R. 41.2, and that the case be reopened when the appellate proceedings concluded and the state court record became available.

The Petitioner filed timely Objections **(# 60)** to the Recommendation, arguing that 28 U.S.C. § 2254(b)(2)(f) provides a process by which this Court will proceed on claims challenging the sufficiency of the evidence at trial.  Specifically, that section provides that, first, "the applicant, if able, shall provide that part of the record pertinent to a determination of the sufficiency of the evidence"; second, "if the applicant, because of indigency or other reason is unable to produce such part of the record," the Court may issue an order to "an appropriate State official" to produce the record; finally, "[i]f the State cannot provide such pertinent part of the record," the Court is required to proceed to resolve the claim, giving appropriate weight to the State court's factual findings "under the existing facts and circumstances."  28 U.S.C. §2254(b)(2)(f).  In his Objections, the Petitioner contends that the Court can adjudicate his contentions regarding the sufficiency of the trial judge's and District Attorney's oaths in the absence of a supporting factual record.  The Petitioner's Objections do not address the Court's ability to adjudicate his substantive claims of insufficiency of the evidence in the absence of the state court record.

## ANALYSIS

### A. Standard of review

In considering the Petitioner's filings, the Court is mindful of his *pro se* status, and accordingly, reads his pleadings liberally.  *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972).

However, such liberal construction is intended merely to overlook technical formatting errors and other defects in the Petitioner's use of legal terminology and proper English. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* status does not relieve the Petitioner of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court will treat the Petitioner according to the same standard as counsel licensed to practice law before the bar of this Court. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

The scope of review of objected-to portions of a Magistrate Judge's recommendations is determined by whether the recommendation is "dispositive of a party's claim or defense." Fed. R. Civ. P. 72(a). With regard to the Magistrate Judge's Recommendation that leave to amend the Petition to add new claims be denied, the Court treats that Recommendation as dispositive of the putative claims, and thus, evaluates the objected-to portion of that Recommendation *de novo*. Fed. R. Civ. P. 72(b); *see Cuenca v. University of Kansas*, 205 F.Supp.2d 1226, 1228 (D. Kan. 2002) ("denial of leave to amend is a dispositive decision at least in situations where the denial is premised on futility"). With regard to the Recommendation that the Court administratively close the case until the trial record is available, that Recommendation does not dispose of any claim or defense; all of the Petitioner's current claims will remain available to him when the record is available and the case is reopened. Accordingly, this Recommendation is non-dispositive in nature, and the Court examines only whether the Magistrate Judge's findings and conclusions are clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a).

**B.  Recommendation that leave to amend the Petition be denied**

Turning first to the Recommendation regarding leave to amend, the Magistrate Judge offered two independent reasons for recommending that leave be denied: futility and untimeliness.

As to futility, the Magistrate Judge found that the new claim had not been adequately exhausted at the state level, and thus, could not be considered here.  This Court understands the Magistrate Judge's use of the term "exhausted" to be a shorthand for the closely-related concept of procedural default.  *Woodford v. Ngo*, 548 U.S. 81, 92 (2006).  Where a *habeas* petitioner has failed to obtain substantive review of a claim in the state courts because he failed to comply with applicable state rules of procedure governing the presentation of that claim, the claim is "technically exhausted," but federal *habeas* review is nevertheless usually precluded by the "procedurally defaulted" rule.  *Id.* at 92-93 (2006).   When a state procedural rule bars substantive consideration of a claim, the state court has set forth an independent and adequate state law ground for rejecting the claim, and the matter thus lies beyond the scope of federal constitutional review.  *Coleman v. Thompson*, 501 U.S. 722, 729-32 (1991).  To obtain federal *habeas* review of a procedurally defaulted claim, the petitioner must show cause for the failure to comply with state court procedures and prejudice that will result if the defaulted claim is not considered by the federal courts.[2]  *House v. Bell*, 547 U.S. 518, 536 (2006).

Here, the state court found the Petitioner's claims that his conviction and sentence were

---

[2]As an alternative to showing cause and prejudice for the default, a petitioner may attempt to show "actual innocence."  *Bousley v. U.S.* 523 U.S. 614, 623 (1998).  Although the Petitioner has bandied this term about in other filings, the doctrine of actual innocence – which is concerned with the evidence received at trial – is immaterial to the procedural default issue here.  *Id.*  The claim that the Petitioner has procedurally defaulted concerns the jurisdiction of the trial court and authority of the prosecutor, not issues relating to the sufficiency of the evidence against him.

void to be a successive petition in violation of Co. R. Crim. P. 35(c)(3)(VII).  That rule provides

that successive collateral attacks that "could have been presented in . . . a postconviction

proceeding" shall be denied.  Because the operation of this rule prevented the state courts from

reaching the merits of the Petitioner's claim that his conviction was void, that claim is

procedurally defaulted and will be considered by this Court on *habeas* review only if the

Petitioner shows cause for the default and prejudice resulting therefrom.  The Court finds that he

has done neither.

Other than making a perfunctory argument that the information concerning the trial judge

and Assistant District Attorney's oaths constituted "newly discovered evidence," the Petitioner

offers no explanation of why he could not, with reasonable diligence, have obtained that

information prior to filing his initial Rule 35 motion in 2002.[3]  The Petitioner's own filings

indicate that the oaths of office were filed with the Adams County Clerk in 2001, and thus, could

have been discovered by him prior to the Petitioner's 2002 motion.  He offers no explanation for

why he did not or could not seek out this information earlier.[4]  *See e.g. Irons v. Estep*, 291

Fed.Appx. 136, 138 (10th Cir. 2008) (unpublished) (on similar facts, petitioner's failure to

---

[3]The state courts appear to have implicitly rejected any contention by the Petitioner that
his voidness challenge is derived from "newly discovered evidence."  Co. R. Crim. P.
35(c)(3)(VII)(b) allows the state courts to consider successive collateral attacks that are premised
upon "evidence that could not have been discovered previously through the exercise of
reasonable diligence" – that is, newly discovered evidence.  Thus, the court's finding that
Petitioner's voidness claim was successive necessarily required a rejection of any contention that
the supporting evidence fell within subsection (b)'s provision for newly-discovered evidence.

[4]For this reason, the Petitioner's reliance on *People v. Gutierrez*, 622 P.2d 547, 559-560
(Colo. 1981), is also misplaced.  Without necessarily finding that *Gutierrez* supplies an analysis
that is applicable here for determining whether evidence is "newly discovered," the Court notes
that *Gutierrez* requires a party asserting "newly discovered evidence" to show that he "exercised
diligence to discover all possible evidence . . . prior to and during the trial."  *Id.*

inquire into status of judicial oath prior to expiration of one-year statute of limitations on *habeas*

applications did not warrant tolling on the grounds of newly-discovered evidence; "a lack of

awareness of a claim does not necessarily mean that the claim was not discoverable")

Accordingly, the Petitioner has not shown cause for failing to properly raise that issue in his first

Rule 35 motion.

Moreover, even assuming that the Petitioner could demonstrate cause for failing to raise

the issue earlier, he has not shown that any particular prejudice would result if the claim were not

adjudicated.  This Court notes that the state courts of Colorado have routinely rejected arguments

challenging the jurisdiction of trial judges and others who failed to properly file signed oaths,

and concluded that "even a conceded violation of [a] constitutional [oath] requirement" does not

divest an otherwise properly-appointed judge of jurisdiction to act.  *People v. Stanley*, 170 P.3d

782, 794 (Colo. App. 2007), *quoting Relative Value Studies, Inc. v. McGraw-Hill Cos.*, 981 P.2d

687, 688 (Colo. App. 1999); *see also Wilson v. People*, 652 P.2d 595, 597-98 (Colo. 1982)

(rejecting criminal defendant's argument that her representation by otherwise-qualified and

licensed attorney who had failed to file constitutionally-required oath was deprivation of

constitutional right to counsel).  The Petitioner disputes only the trial judge and Assistant District

Attorney's technical compliance with the oath requirement; he does not allege that these

individuals were not properly appointed or otherwise prevented from carrying out their roles in

this prosecution.  Because he has not shown that Colorado law would have afforded him relief on

the facts alleged herein, the Petitioner has failed to show any prejudice that would arise from this

Court's refusal to consider the new claim.

Because the request for leave to amend is properly denied as procedurally defaulted, it is

not entirely necessary for this Court to reach the Magistrate Judge's alternative conclusion that

the Petitioner's new claim of voidness was untimely and would not relate back under Fed. R.

Civ. P. 15(c).  However, the Court finds that the Petitioner's Objections, even when construed

liberally, contain no argument that can be understood to address the Magistrate Judge's

conclusion that the factual basis of the existing claims and proposed new claim were so

dissimilar as to prevent relation back.  In the absence of specific objections, the Court applies

whatever standard of review it deems appropriate.  *Summers v. State of Utah*, 927 F.2d 1165,

1167 (10th Cir. 1991).  Even if the Court were to review this portion of the Magistrate Judge's

Recommendation under the otherwise applicable *de novo* standard, it would reach the same

conclusion for the same reasons articulated by the Magistrate Judge.

Accordingly, the Court overrules the Petitioner's Objections and adopts the

Recommendation.  Leave to amend the Petition to add the new claim of voidness is denied.

### C. Recommendation that the case be administratively closed

Because the Magistrate Judge's Recommendation that the case be administratively closed

until the Petitioner's collateral attacks are concluded and the trial record is made available is

non-dispositive, this Court will reject that Recommendation only if it is predicated on findings of

fact that are clearly erroneous or conclusions that are contrary to law.  Fed. R. Civ. P. 72(a);

*Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997); *Ariza v. U.S. West Communications*,

*Inc.*, 167 F.R.D. 131, 133 (D. Colo. 1996).  Accordingly, the Petitioner's Objections will be

overruled unless the Court finds that the Magistrate Judge abused her discretion or, if after

viewing the record as a whole, the Court is left with a "definite and firm conviction that a

mistake has been made." *Ariza,* 167 F.R.D. at 133, *citing Ocelot Oil Corp. v. Sparrow Indus.,*

10

847 F.2d 1458, 1464 (10th Cir.1988).

The Petitioner does not dispute any of the Magistrate Judge's factual findings with regard to the procedural status of this case.  Rather, he contends only that the Court should apply 28 U.S.C. § 2254(f) in some unspecified manner.  It is evident that the Magistrate Judge attempted to do just that: presuming that the Petitioner's indigency prevented him from obtaining the trial record, she directed the State, through the Clerk of the Adams County court to do so.  However, the Clerk attested that it was impossible to produce the record because of pending appellate proceedings.  Under a strict application of the final sentence of 28 U.S.C. § 2254(f), this could have entitled the Magistrate Judge to direct that the Petitioner's sufficiency of the evidence claim be adjudicated according to the existing record, with the Court giving whatever weight it deemed appropriate under the circumstances to the trial court's findings of fact.  However, such a review would almost certainly have been adverse to the Petitioner, as the lack of any trial record before this Court makes it impossible to credit any of the Petitioner's unsupported assertions as to the existence of exculpatory evidence and this Court would be left with nothing but the conclusions of the trial court that the evidence was indeed sufficient.  In order to preserve the Petitioner's right to a fully-informed adjudication of his claims, the Magistrate Judge effectively recommended that the Court instead accept the Clerk's implicit assertion that the trial record would be available for production in the future, and defer consideration of this case until that date.  Administrative closure of a case that cannot presently be adjudicated is simply a mechanism by which that deferral can be effectuated without sacrificing any party's ability to assert the current claims at a future date.  Far from being "a mistake," the Magistrate Judge's approach is a sound compromise that accommodates the Petitioner's right to an informed

adjudication of his claims and the Court's need to remove dormant cases from its active docket.

The Petitioner makes a cogent point that administrative closure will delay the adjudication of the claims in this matter, but that delay is attributable entirely to the Petitioner's decision to pursue relief in both this Court and the state courts simultaneously – a decision, the Court notes, that doctrines of exhaustion and successiveness are intended to prevent. Simply put, there is only one certified copy of the trial record available in this case, and the Petitioner is free to expedite consideration of the claims he believes are the most meritorious by directing the trial record to the appropriate forum.[5] To date, the Petitioner appears to have given priority to his pending appeal to the Colorado Supreme Court, and the necessary effect of that decision is that this Court cannot proceed. Should the Petitioner desire to change his strategy, he is free to withdraw his petition to the Colorado Supreme Court, thereby freeing the State to deliver the record to this Court, at which point this case can be reopened and the claims considered. Until that record is available, however, the delay in adjudication of the claims herein is simply an inevitable consequence of the Petitioner's chosen legal strategy.

Finding that the Magistrate Judge's findings and conclusions with regard to this issue are not clearly erroneous or contrary to law, the Court overrules the Petitioner's Objections and adopts the Recommendation that the case be administratively closed.

## **CONCLUSION**

For the foregoing reasons, the Petitioner's Objections **(# 57)** to the March 24, 2009 Recommendation **(# 56)** are **OVERRULED**, and the Court **ADOPTS** that Recommendation.

---

[5]The Petitioner has not indicated a willingness to proceed on an uncertified copy of the trial record, nor otherwise offered any other suggestion as to how to reconcile the simultaneous need of two courts to access one copy of the record.

The Petitioner's Motion for Leave to Amend the Petition **(# 47)** is **DENIED**.  The Petitioner's

Objections **(# 60)** to the April 28, 2009 Recommendation **(# 58)** are **OVERRULED**, and the

Court **ADOPTS** that Recommendation.  The Clerk of the Court shall **ADMINISTRATIVELY**

**CLOSE** this case until such time as the parties indicate that all proceedings in the state court

have concluded.  Upon the conclusion of such proceedings and a certification that the trial record

is available for filing in this case, the parties may move to reopen the case.

     Dated this 21st day of May, 2009

               **BY THE COURT:**

               _____

               Marcia S. Krieger
               United States District Judge